UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH PERKINS,<br><br>  Plaintiff,<br><br>v.<br><br>SILGAN CONTAINERS MANUFACTURING CORPORATION,<br><br>  Defendant. | No. 1:18-cv-01654-DAD-SKO<br><br>**ORDER RE THE PARTIES' STIPULATION FOLLOWING INFORMAL DISCOVERY DISPUTE CONFERENCE** |

## I. INTRODUCTION

The Court held an informal discovery dispute conference on November 14, 2019, and entered an order resolving the parties' dispute on November 15, 2019. (*See* Doc. 19.) The Court granted Plaintiff's request to compel Defendant to produce the contact information of other employees who were terminated and had taken or were approved for FMLA leave. (*Id.* at 1.)

The Court further directed the parties to file (1) a stipulated protective order covering the information to be disclosed that complies with the requirements of Local Rule 141.1; and (2) a stipulation setting forth (a) the parties' proposed procedure to give notice to the affected employees and give them an opportunity to opt out of having their information disclosed to Plaintiff, and (b) proposed extensions of the non-expert discovery deadline. (*Id.* at 2.)

The parties filed a stipulation on November 21, 2019, attaching a proposed protective order and setting forth Plaintiff's proposed notice procedure and extensions of deadlines and Defendant's proposed notice procedure and extensions of deadlines. (Doc. 20.)

## II. DISCUSSION

**A. The Protective Order Does Not Comply with Local Rule 141.1(c)**

The parties' proposed protective order does not comply with Local Rule 141.1. Specifically, Local Rule 141.1(c)(1) requires "[a] description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information." The protective order, in its current form, fails to sufficiently identify the types of information to be protected. Specifically, the protective order describes information to be designated "confidential" as "information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c)." (Doc. 20-1 at 2.) This is inadequate. The parties must describe the specific types of information eligible for protection "sufficient to reveal the nature of the information." *See* E.D. Cal. L.R. 141(c)(1).

This should be easy to accomplish since the only information to be covered by the proposed protective order is the information that was the subject of the parties' informal discovery dispute. **Accordingly, the parties SHALL file an amended stipulated protective order that complies with this order, describing in detail the information to be designated confidential, by no later than December 2, 2019**.

**B. The Court Will Modify the Parties' Proposed Notice Procedures and Extensions**

Because the parties were unable to meet and confer and agree on a notice procedure, as directed by the Court, (*see* Doc. 19 at 2), the Court will set the parties' notice procedures and extensions of the remaining deadlines as set forth below.

    **1. Notice Procedure**

The parties agree on the contents of the notice ("Notice") to be mailed to the affected individuals ("Former Employees"), but disagree on the timeline for the notice procedure. (*See*

Doc. 20 at 2–4.) Defendant proposes that it provide notice no earlier than December 11, 2019, give the Former Employees until January 22, 2020, to opt-out, and serve Plaintiff's counsel with the contact information of any Former Employees who did not opt-out by January 29, 2020. (*Id.* at 2.) Plaintiff proposes Defendant provide notice by seven court days from the date of this Order, give the Former Employees fourteen days from that date to opt-out, and provide the contact information within seven calendar days from the opt-out deadline. (*Id.* at 2–3.) The Court finds a compromise between the parties' proposed timelines appropriate.

**Accordingly, the Court ORDERS that:**

a. **By no later than December 2, 2019**, Defendant's counsel will provide notice to the Former Employees by mailing to each Former Employee's last known address the Notice attached to the parties' stipulation, (Doc. 20-2).

b. The Former Employees will have until **January 8, 2020** to respond to the Notice and opt-out. All requests to opt-out must be postmarked by January 8, 2020.

c. **By no later than January 15, 2020**, Defendant's counsel will send to Plaintiff's counsel the name, address, and telephone number of any Former Employees who did not opt-out.

**2. Modification of the Scheduling Order**

The parties also submitted competing proposed modifications of the scheduling order. (Doc. 20 at 3.) The Court finds extensions of the deadlines appropriate, but not to the extent requested by either party, in view of the above notice procedure timeline. To provide the parties approximately four weeks after January 15, 2020, to complete any additional discovery necessary following the notice procedure, and extending all corresponding deadlines according to the Court's scheduling preferences, **the Court MODIFIES the scheduling order as follows**:

3

| Event | Prior Date | Continued Date |
|---|---|---|
| Non-Expert Discovery Completion | November 15, 2019 | February 12, 2020 |
| Expert Disclosures | November 29, 2019 | February 26, 2020 |
| Rebuttal Expert Disclosures | December 13, 2019 | March 11, 2020 |
| Expert Discovery Completion | January 10, 2020 | April 8, 2020 |
| Non-Dispositive Motion Filing | January 24, 2020 | April 15, 2020 |
| Non-Dispositive Motion Hearing | February 26, 2020 | May 13, 2020 |
| Dispositive Motion Filing | January 24, 2020 | April 15, 2020 |
| Dispositive Motion Hearing | March 16, 2020 | June 2, 2020 |
| Settlement Conference | May 7, 2020 | No change |
| Pretrial Conference | June 1, 2020 | August 3, 2020 |
| Trial | July 28, 2020 | September 22, 2020 |

IT IS SO ORDERED.

Dated: **November 22, 2019**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE